**FARRELL LINES, INC., Appellee,**

v.

**CAROLINA SHIPPING COMPANY, Appellant.**

**FARRELL LINES, INC., Appellant,**

v.

**CAROLINA SHIPPING COMPANY, Appellee.**

Nos. 73–2079, 73–2080.

United States Court of Appeals, Fourth Circuit.

Jan. 8, 1975.

OPINION AND ORDER ON PETI-
TIONS FOR REHEARING AND
MOTION TO INTERVENE

PER CURIAM:

The defendant stevedore has petitioned for rehearing. It contends that Cooper Stevedoring Co., Inc. v. Fritz Kopke, Inc. (1974), 417 U.S. 106, 94 S.Ct. 2174, 40 L.Ed.2d 694, decided after our original opinion had been prepared and distributed but a few days before it was formally issued, authorizes contribution herein on the theory that, under the District Court's opinion, the parties were actually joint tort-feasors among whom contribution is permitted. Kopke, however, is distinguishable from this case. There, the District Court found as a fact that the shipowner's own conduct was such as to preclude indemnity, a finding which, if sustainable, required denial of absolute indemnity under Ryan.[1] Since that finding was not challenged on appeal, the Court lacked "jurisdiction to consider its [the shipowner's] contention that it is entitled to recover full indemnity on the basis of Ryan Stevedoring Co. v. Pan-Atlantic Corp., 350 U.S. 124, [76 S.Ct. 232, 100 L.Ed. 133] (1956)."[2] In this case, on the other hand, the District Court made a finding of fact that the fault on the part of the shipowner, though amounting to one-fourth the responsibility for the injuries to the longshoreman, was not sufficient to preclude a right to indemnity in favor of the shipowner under Ryan. This finding of fact, we have heretofore held, was not clearly erroneous. That finding puts this case in a different posture from that presented in Kopke and requires the determination of the issue which the Supreme Court declared it lacked "jurisdiction to consider" in Kopke. Kopke accordingly is not decisive of the issue presented by the stevedore's petition for rehearing.

It may be, as the stevedore argues most persuasively in its petition for rehearing, that the general thrust of Kopke is in the direction of a sort of tort indemnity[3] in cases of this type, where contribution among the joint tort-feasors would be the rule but the fact remains that Kopke did not purport to overrule Ryan and Weyerhaeuser wherein the principle of indemnity on which the shipowner's action was predicated was developed. Those cases are plain to the point that, unless the ship's fault is sufficient to preclude indemnity, the ship is entitled to indemnity from the stevedore under circumstances such as those here. While we recognize the equitable appeal of the claim of apportionment raised by the stevedore, we do not feel it appropriate for us to do what the Supreme Court in Kopke chose not to do; any reversal or change in the scope of Ryan and Weyerhaeuser should come from the Supreme Court and not from an intermediate court. The petition for rehearing on

1. Cf., Weyerhaeuser S.S. Co. v. Nacirema Co. (1958), 355 U.S. 563, 78 S.Ct. 438, 2 L.Ed.2d 491.

2. Page 109, n. 4, 94 S.Ct. at p. 2176.

   The Ryan principle was changed by an amendment to the Longshoremen's and Harbor Workers' Compensation Act (33 U.S.C. § 903 et seq.) in 1972. 86 Stat. 1251 (Oct.

27, 1972). This amendment, of course, did not affect the rights of the parties in this action. On the constitutional validity of the amendment, see Acomb, Maritime Indemnity: A Monograph, 48 Tul.L.Rev. 524 (1974).

3. Cf., Tri-State Oil Tool Indus., Inc. v. Delta Marine Drill. Co. (5th Cir. 1969), 410 F.2d 178.

the part of the stevedore is accordingly denied.

We similarly find no merit in the petition for rehearing submitted by the shipowner.

The Baltimore stevedore Chesapeake Operating Company has, also, filed a motion to intervene in order to set up a right to contribution. The propriety of such motion at this stage of the proceeding would be at best doubtful under any circumstances. It would only be appropriate in any event if we should treat this action as one where contribution was permitted rather than, as it is, an action for indemnity controlled by *Ryan*. That motion is denied too.